IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KENNETH S.,[1] | : | Case No. 3:20-cv-00400 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff filed an application for Supplemental Security Income (SSI) on May 3, 2017. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 13), the Commissioner's Memorandum in Opposition (Doc. 14), Plaintiff's Reply (Doc. 15), and the administrative record (Doc. 10).

## II. BACKGROUND

Plaintiff asserts that he has been under a disability since April 28, 2017.[2] He was thirty years old on SSI application filing date. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 416.963(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10-2, PageID 54-63), Plaintiff's Statement of Errors (Doc. 13), the Commissioner's Memorandum in Opposition (Doc. 14), and Plaintiff's Reply (Doc. 15). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

---

[2] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Thus, the relevant period of consideration in this case begins on May 3, 2017. See 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

3

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. THE ALJ'S FINDINGS

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since May 3, 2017, the SSI application date. |
| Step 2: | | He has the severe impairments of schizoaffective disorder and cannabis abuse. |
| Step 3: | | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of a full range of work at all exertional levels, subject to the following limitations: "[Plaintiff] can understand, remember, and carry out simple instructions and make simple work-related decisions. [Plaintiff] can sustain an ordinary routine without special supervision, and can tolerate occasional changes in the work setting. [Plaintiff] can tolerate less than occasional interaction with coworkers and supervisors and no interaction with the public." |

>>He has no past relevant work.

>Step 5:>>Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 10-2, PageID 56-63.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 63.)

## V. LAW AND ANALYSIS

Plaintiff contends that the ALJ erred by insufficiently evaluating whether Plaintiff's impairments met or equaled Listing 12.03. (Doc. 13, PageID 1041-44.) Plaintiff also argues that the ALJ erred in evaluating Plaintiff's RFC and failed to carry the Step Five burden. (*Id.* at PageID 1044-46.) The Court concludes that these arguments are not well-taken. For the reasons stated below, the Court finds that the ALJ sufficiently evaluated Plaintiff's impairments and the RFC is supported by substantial evidence.

### A. The ALJ's Step 3 Analysis

A claimant will be found "disabled" at Step Three of the sequential evaluation if his impairment meets or equals one of the listings in the Listing of Impairments. 20 C.F.R. § 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 416.925(c)(3); *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citation omitted). A claimant must satisfy all of the criteria to "meet" the listing. *Id.* A claimant is also disabled if his impairment "equals" the listing—if the impairment is "at least equal in severity and duration to the

5

criteria of any listed impairment." 20 C.F.R. §§ 416.920(a)(4)(iii), 416.926(a); *Reynolds*, 424 F. App'x at 414 (citation omitted).

Listing 12.03 addresses schizophrenia spectrum and other psychotic disorders. 20 C.F.R. §§ 416.920(a)(4)(iii); Pt. 404, Subpt. P, App. 1 § 12.03. Listing 12.03 requires either A and B, or A and C:

> A. Medical documentation of one or more of the following:
>    1. Delusions or hallucinations;
>    2. Disorganized thinking (speech); or
>    3. Grossly disorganized behavior or catatonia.
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
>    1. Understand, remember, or apply information (see 12.00E1).
>    2. Interact with others (see 12.00E2).
>    3. Concentrate, persist, or maintain pace (see 12.00E3).
>    4. Adapt or manage oneself (see 12.00E4).
>
> OR
>
> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>    1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
>    2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.03.

At Step 3, the ALJ found that Plaintiff's mental impairments do not meet or medically equal the criteria of Listing 12.03. (Doc. 10-2, PageID 57.) The ALJ provided

a detailed analysis of each of the "paragraph B" areas of functioning and found moderate limitation in each one. (*Id.* at PageID 57-58.) The ALJ also found Plaintiff's impairments do not meet the "paragraph C" criteria:

> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. While [Plaintiff] has a mental health impairment, the record does not indicate that [Plaintiff] has marginal adjustment, including minimal capacity to adapt to changes in his environment or to demands that are not already part of his daily life.

*(Id.* at PageID 58.)

Plaintiff does not contest the ALJ's analysis of the "paragraph B" criteria; instead, she challenges the ALJ's "boilerplate, conclusory" analysis of the "paragraph C" criteria.[3] (Doc. 13, PageID 1041-44.) Yet although the ALJ's "paragraph C" findings initially appear conclusory, this Court may consider the ALJ's evaluation of the evidence at other steps of the decision to determine how to "credit the evidence at issue in this appeal." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 Fed. Appx. 426, 435 (6th Cir. 2014) (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (finding that the ALJ appropriately considered a claimant's combined impairments at step three in part because he "described evidence pertaining to all impairments, both severe and non-severe, for five pages earlier in his opinion and made factual findings")). In this case, the ALJ provided a significantly more detailed analysis of Plaintiff's mental impairments in the "paragraph

---

[3] Plaintiff also contends that "the ALJ failed to even consider the "paragraph A" criteria. (Doc. 13, PageID 1041). Yet Listing 12.03 requires the record to show either "paragraph A" and "paragraph B," or "paragraph A" and "paragraph C." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.03. Plaintiff does not challenge the ALJ's "paragraph B" analysis. For the reasons discussed in this decision, the ALJ's "paragraph C" conclusion is supported by substantial evidence. Accordingly, because the requirements of neither "paragraph B" nor "paragraph C" are met, the "paragraph A" criteria are inconsequential to the outcome of this case.

7

B" evaluation, as well as in the subsequent RFC analysis. (Doc. 10-2, PageID 57-58, 60-62.) Accordingly, this Court will consider the ALJ's evaluation of Plaintiff's mental impairments earlier in Step Three and in the RFC analysis when evaluating Plaintiff's assignment of error.

As Defendant points out, the ALJ thoroughly discussed Plaintiff's ability to adapt in the preceding "paragraph B" analysis. (Doc. 10-2, PageID 58; Doc. 14, PageID 1056.) The ALJ acknowledged Plaintiff's subjective complaints related to adaptation. (Doc. 10-2, PageID 58.) She acknowledged Plaintiff's homelessness and reported difficulties with some personal hygiene activities. (*Id.*) The ALJ balanced this evidence with medical records that documented Plaintiff's abilities in this area, such as being able to prepare meals, do chores, shop, and adequately groom himself on many occasions. (Doc. 10-2, PageID 58.) The ALJ's conclusion that Plaintiff experiences only moderate limitation in the ability to adapt or manage herself is supported by substantial evidence. And so the ALJ's conclusion that Listing 12.03(C) is not met—because Plaintiff does not have a "minimal capacity to adapt to changes in his environment or to demands that are not already part of his daily life"—is supported by substantial evidence.

The ALJ's 12.03(C) conclusion is also supported by substantial evidence in the RFC analysis. The ALJ provided a detailed summary of Plaintiff's medical records and mental health treatment history. (Doc. 10-2, PageID 60-62.) She acknowledged Plaintiff's history of incarcerations—where he sometimes experienced increased symptoms but other times did well with medication compliance. (*Id.* at PageID 60-61.) The ALJ discussed Plaintiff's history of psychological hospitalizations: she acknowledged his

8

subjective complaints which included depression, suicidal ideation, and hallucinations, but she also explained that Plaintiff sometimes vaguely and inconsistently reported symptoms. (*Id.*) The ALJ cited to outpatient treatment records that documented some improvement with medication, as well as malingering on one occasion. (*Id.*) She discussed Plaintiff's daily activities, including Plaintiff's part-time work. (*Id.*) The ALJ also acknowledged many of the abnormal objective examination findings which included below average intelligence, uncooperative behavior, and a mildly unkempt appearance on some occasions. (*Id.* at PageID 61.) The ALJ compared these findings to other examinations which showed intact memory, average intelligence, cooperative behavior, and at least adequate grooming. (*Id.*)

Additionally, the ALJ evaluated the prior administrative medical findings from the State agency psychological consultants. (Doc. 10-2, PageID 61-62.) She found that the initial consultant's findings were persuasive, but the reconsideration consultant's findings were less persuasive. (*Id.*) Significantly, initial consultant Vicki Warren, Ph.D. found only moderate impairment in the "paragraph B" areas of functioning, and she concluded that the evidence did not establish the presence of the paragraph C" criteria. (Doc. 10-3, PageID 106.) The ALJ complied with applicable regulations by citing to many of the findings discussed above and explaining that Dr. Warren's findings were overall supported by her review of the record and consistent with the medical record. (*Id.*; *see* 20 C.F.R. § 416.920c.)

The ALJ found that on balance, the evidence did not support Plaintiff's allegations of symptom severity. (Doc. 10-2, PageID 59.) She concluded that Plaintiff could carry

9

out the range of simple tasks in the RFC. (*Id.* at PageID 59-62.) All of these findings support the ALJ's Step 3 conclusion that the evidence failed to establish the "paragraph C" criteria. This Court concludes that the ALJ's findings are supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S.Ct. at 1154. The Court is not permitted to weigh the evidence to determine whether it might support a different result. *Id*.

### B. The ALJ's RFC

A claimant's RFC is "the most [he] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1). The Social Security regulations, rulings, and Sixth Circuit precedent charge the ALJ with the final responsibility for determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 416.927(d)(2) (the final responsibility for deciding the RFC "is reserved to the Commissioner"); 20 C.F.R. § 416.946(c) ("the [ALJ] . . . is responsible for assessing your [RFC]"); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of [his] [RFC]'"). The Commissioner determines a claimant's RFC based on relevant evidence in the record, including objective medical evidence, medical opinions, other medical evidence, evidence from non-medical sources, and prior administrative medical findings. *See* 20 C.F.R. § 416.945(a)(1)-(5).

Plaintiff contends that the ALJ "failed to sustain the Step Five burden by citing hardly any—much less the required 'substantial'—evidence that [Plaintiff] could be on-task at a full-time competitive job for 90 percent of each workday or absent from work

10

less than three times a month with no emotional outbursts."[4] (Doc. 13, PageID 1045.)

Plaintiff's contentions are not well-taken. His argument is based on speculation, not any objective medical evidence. The record contains no medical opinion that Plaintiff would consistently be off-task, miss work, or experience recurrent emotional outbursts. Further, as discussed above, the ALJ balanced Plaintiff's subjective complaints with a detailed analysis of Plaintiff's medical records and treatment history. (Doc. 10-2, PageID 57-61.) She evaluated the prior administrative medical findings pursuant to the applicable regulations. (*Id.* at PageID 61-62.) The ALJ concluded that the balance of the objective evidence did not support Plaintiff's allegations of symptom severity. (*Id.* at PageID 59.) The ALJ accounted for this evidence by limiting Plaintiff to tasks involving simple instructions, simple work-related decisions, an ordinary routine with no special supervision, occasional changes in the work setting, less than occasional interaction with coworkers and supervisors, and no interaction with the public. (*Id.*) For the reasons discussed above, these conclusions are supported by substantial evidence and thus cannot be reversed by this Court.

## VI. CONCLUSION

In sum, substantial evidence supports the ALJ's Step Three finding. Substantial evidence also supports the ALJ's RFC, and the ALJ did not err by failing to include additional limitations in the RFC for off-task behavior, absenteeism, or emotional outbursts. Plaintiff's assertions to the contrary are without merit and are overruled.

---

[4] The Vocational Expert testified that off-task behavior occurring ten percent or more of the workday, absenteeism three times or more per month, and/or emotional outbursts "every other day on an ongoing basis" would "lead to job loss." (Doc. 10-2, PageID 98-99.)

11

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 13) is OVERRULED;

2. The Court AFFIRMS the Commissioner's non-disability determination; and

3. The case is terminated on the Court's docket.

      */s/ Caroline H. Gentry*
      Caroline H. Gentry
      United States Magistrate Judge